UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DON PETERKIN,

                          Petitioner,

    -vs-

THOMAS LAVALLEY,

                          Respondent.

**No. 6:13-CV-06172 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Don Peterkin ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered February 13, 2007, in New York State Supreme Court, Monroe County (Affronti, J.), following a jury verdict convicting him of robbery in the first degree (six counts), burglary in the first degree, kidnapping in the second degree (three counts), aggravated sexual abuse in the first degree, assault in the second degree, attempted assault in the second degree, petit larceny, and unlawful imprisonment in the first degree.

## II. Factual Background and Procedural History

The charges against petitioner arose from events which occurred April 15 through 17, 2006. Evidence at trial established that on April 15, 2006, petitioner and his brother unlawfully imprisoned Timothy Menard, held him at gunpoint, and stole money and his driver's license. In a separate incident, spanning approximately four-and-a-half hours from Easter Sunday, April 16,

2006, through April 17, 2006, petitioner and his brother kidnapped victims W.G. and A.G. along with their 20-month-old daughter S.G.; forcibly stole money and property from them at gunpoint; unlawfully entered their dwelling with the intent to commit a larceny; sexually abused A.G.; and stole a car belonging to the family. A jury convicted petitioner as charged, and on February 13, 2007, he was sentenced to an aggregate term of 50 years incarceration, which sentence was reduced by operation of law to 40 years.

Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department, arguing that (1) his statements regarding both incidents should have been suppressed; (2) the verdict was against the weight of the evidence; (3) the show-up identification procedure was unduly suggestive; (4) the trial court erred in denying his motion for severance of the charges relating to both incidents; (5) petitioner's intoxication at the time of the crime negated the element of intent; (6) a DNA report should have been precluded; (7) a photo array identification was unduly suggestive; (8) trial counsel was ineffective for failure to request a jury charge for an affirmative defense to the robbery and burglary charges; and (9) petitioner's sentence should have been reduced in the interest of justice. On November 10, 2011, the Appellate Division unanimously affirmed petitioner's conviction. See People v. Peterkin, 89 A.D.3d 1455, 1455 (2011), lv. denied 18 N.Y.3d 885 (2012).

On March 30, 2012, petitioner moved to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, arguing that trial counsel was ineffective for failing to move for dismissal based on legal insufficiency of the evidence. On April 12, 2012, the trial court denied plaintiff's § 440.10 motion. The Appellate Division denied leave to appeal.

Petitioner's amended petition raises eight grounds, arguing: (1) his statements should have been suppressed; (2) the verdict was against the weight of the evidence; (3) a show-up identification procedure was unduly suggestive; (4) the trial court erred in denying petitioner's motion for severance of the charges; (5) the evidence was legally insufficient to support the verdict; (6) petitioner's rights under the confrontation clause were violated; (7) trial counsel was ineffective; and (8) his sentence was unduly harsh and excessive.

**III. Petitioner's Motion for Appointment of Counsel**

On July 6, 2016, petitioner moved for appointment of counsel, at that time also requesting an order of stay and abeyance so that he could exhaust previously unexhausted claims. Initially, the Court notes that petitioner's prior motion for stay and abeyance (doc. 12) was denied by this Court (Feldman, M.J.) on August 6, 2014 (doc. 16). Petitioner was given 30 days from the date of that decision to renew his motion, but did not do so. Accordingly, his

renewed motion for stay and abeyance, which comes more than two years later, is denied with prejudice.

Petitioner's motion for appointment of counsel is denied as well. Appointment of counsel under 28 U.S.C. § 2255(g) is governed by 18 U.S.C. § 3006A(a)(2)(B). There is no constitutional right to representation by counsel in habeas corpus proceedings. See Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993). However, a court may in its discretion appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "Where a movant's claims may fairly be heard on written submissions, the appointment of counsel is not warranted and such applications should ordinarily be denied." Ballard v. United States, 2012 WL 3765022, *1 (S.D.N.Y. Aug. 30, 2012). As the below discussion demonstrates, petitioner's claims are not "so overwhelmingly complex that he cannot be afforded a just determination without legal representation," Ballard, 2012 WL 3765022, at *1, and therefore, petitioner's motion for appointment of counsel is denied.

**IV. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of

habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**V. Grounds Asserted in the Petition**

    **1. Suppression of Statements**

Petitioner contends that his confession should have been suppressed because he was too intoxicated to understand his Miranda rights, because police used "deceptive" tactics in questioning him, and because police failed to renew his Miranda warnings upon continued questioning. On direct appeal, the Fourth Department rejected each of these arguments, finding that "evidence presented at the suppression hearing supports the determination of the court that defendant's waiver of his Miranda rights was knowing, voluntary and intelligent." Peterkin, 89 A.D.3d at 1455. Specifically with regard to intoxication, the Fourth Department found that "the record of the suppression hearing fail[ed] to establish that [petitioner] was intoxicated at the time he waived [his Miranda] rights 'to the degree of mania, or of being unable to understand the meaning of his statements.'" Id. (citing People v. Schompert, 19 N.Y.2d 300, 305 (1967), cert. denied, 389 U.S. 874

(1967)). The Fourth Department also found that petitioner's custody was continuous, and therefore police were not required to reread petitioner his Miranda rights when they renewed his questioning. Peterkin, 89 A.D.3d at 1455-56.

The findings by County Court and the Fourth Department constitute factual findings, which petitioner bears the burden of rebutting by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). In this case, petitioner has come forward with no evidence to suggest that the statements he made to police were anything but spontaneous and voluntary, as established at the Huntley hearing, see People v. Huntley, 15 N.Y.2d 72 (1965), and as found by County Court and the Fourth Department. Petitioner has thus failed to meet his burden under § 2254(e)(1), and the factual findings are presumed correct under AEDPA. See, e.g., Whyte v. Brown, 2011 WL 7100558, *17-18 (S.D.N.Y. May 3, 2013) (holding that voluntariness of statements was established where it "was fully developed during the Huntley hearing"), report and recommendation adopted, 2012 WL 234424 (S.D.N.Y. Jan. 26, 2012).

### 2. Weight of the Evidence

Petitioner contends that the verdict was against the weight of the evidence. This state law claim is not cognizable on habeas review. See Mobley v. Kirkpatrick, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011) ("Federal courts routinely dismiss claims attacking a verdict as against the weight of the evidence on the basis that

they are not federal constitutional issues cognizable in a habeas proceeding.") (citing, inter alia, Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), aff'd, 263 U.S. 255 (1923)). Therefore, the claim is dismissed.

### 3. Suppression of Show-Up Identification

Petitioner contends that the trial court should have suppressed a show-up identification as unduly suggestive, "due to the manner in which it was conducted and based upon the information provided by the police to the witness," and because petitioner was presented for identification while in handcuffs. Doc. 1 at 7. On direct appeal, the Fourth Department summarily rejected this claim. This decision was not a misapplication of relevant federal law, "which requires a determination of whether the identification process was impermissibly suggestive and, if so, whether it was so suggestive as to raise 'a very substantial likelihood of irreparable misidentification.'" Jackson v. Fogg, 589 F.2d 108, 111 (2d Cir. 1978) (quoting Neil v. Biggers, 409 U.S. 188 (1973)). The Supreme Court in Biggers set out five factors for assessing the likelihood of misidentification: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the

7

confrontation, and the length of time between the crime and the confrontation." 409 U.S. at 199-200.

Here, evidence at a <u>Wade</u> hearing, see <u>People v. Wade</u>, 143 A.D.2d 703 (2d Dep't 1988), <u>lv. denied</u>, 73 N.Y.2d 861, established that investigators told the identifying witness, W.G., that the person he was about to view may or may not be one of the perpetrators, and did not indicate by words or gestures that petitioner was a perpetrator. The state courts' finding that the identification was not unduly suggestive for the reasons argued by petitioner was not contrary to, nor a misapplication of, federal law, considering the unlikelihood of misidentification in this case. Even assuming the procedure was unduly suggestive, W.G. had ample opportunity to view petitioner during the four-and-a-half-hour incident in which petitioner kidnapped W.G. and his family. Additionally, petitioner was presented for identification less than an hour after he was apprehended, and W.G. identified petitioner "absolutely." Hearing Transcript, July 13, 2006, at 20, 39. Thus, even if unduly suggestive, the show-up identification failed to "raise 'a very substantial likelihood of irreparable misidentification.'" <u>Jackson</u>, 589 F.2d at 111. Moreover, even in the absence of this show-up identification, the evidence against petitioner at trial was overwhelming. See, e.g., <u>Wilson v. Van Buren</u>, 2010 WL 3260461, *9 (S.D.N.Y. July 19, 2010). For the foregoing reasons, this claim is dismissed.

### 4. Severance of Charges

Petitioner contends that the trial court erred in failing to sever the charges relating to the April 15, 2006 unlawful imprisonment of Timothy Menard from the charges relating to the April 16-17, 2006 kidnapping of W.G., A.G., and their 20-month daughter, S.G. In this case, the charges were subject to joinder under New York CPL § 200.20(2)(b), which provides that offenses are subject to joinder where they are "of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first." When such offenses are charged, "the various counts in the indictment [are] *not subject to a severance for 'good cause shown'* (CPL 200.20)," because "[t]he attacks were marked by a sufficiently unique modus operandi to support joinder under CPL 200.20(2)(b)." People v. Matthews, 175 A.D.2d 24, 25 (1st Dep't 1991), aff'd, 79 N.Y.2d 1010 (1992).

In this case, the People established that during both crimes, petitioner, armed with a silver handgun, surprised his victims as they exited their cars; took their driver's licenses and told them that he knew where they lived and would kill them if they called police; and forced the victims to drive to the same Chase Bank to withdraw money from an ATM. Under these circumstances, under New York law, severance was not permitted. See Matthews, 175 A.D.2d

9

at 25. Thus, petitioner's claim, which rests solely upon state law, is not cognizable on habeas review. See Jones v. Artus, 2016 WL 3248402, *4 (N.D.N.Y. June 13, 2016) ("[T]o the extent Jones alleges that the trial court erred under CPL § 200.20(2)(b) when it refused to sever the counts, such claim is not cognizable on federal habeas review because it implicates only the proper application of state law."). This claim is therefore dismissed.

### 5. Insufficiency of the Evidence

Petitioner next contends that the verdict was based on legally insufficient evidence. Noting that petitioner's trial counsel failed to move for a trial order of dismissal on this ground, the Fourth Department found that this claim was unpreserved for review. See Peterkin, 89 A.D.3d at 1456. This finding constitutes an adequate and independent state ground precluding habeas review. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas review). Therefore, this claim is dismissed.

### 6. Confrontation Clause

Petitioner contends that his rights under the confrontation clause were violated because the person who tested particular DNA evidence did not testify at trial. The Fourth Department found that this claim was unpreserved because trial counsel "objected to the admission of that [DNA] report solely on the ground that the People

failed to establish a sufficient foundation." <u>Peterkin</u>, 189 A.D.3d at 1456. Consequently, this claim is barred by an adequate and independent state ground, and is therefore dismissed. See <u>Richardson</u>, 497 F.3d at 218.

### 7. Ineffective Assistance of Counsel

Petitioner contends that trial counsel was ineffective for failing to (1) request a lesser charge, (2) request an affirmative defense, and (3) present evidence that petitioner had a high level of intoxication. The first contention is unexhausted because it was not raised in state court. If "the petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts must also deem the claims procedurally defaulted." <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir.2001). Such claims may be deemed exhausted but procedurally barred. See <u>Gray v. Netherland</u>, 518 U.S. 152, 161 (1996); <u>Aparicio</u>, 269 F.3d at 90. Petitioner's claim may only be reviewed if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). Petitioner makes no such argument excusing his default, and the

Court's review of the record indicates that the failure to consider the claim will not result in a fundamental miscarriage of justice.

Petitioner's remaining contentions were rejected on the merits by the Fourth Department. See Peterkin, 89 A.D.3d at 1456-57. The Fourth Department found that a request for an affirmative defense charge would have been denied, and that ineffective assistance could not stem from counsel's failure to make a meritless motion. Id. This decision was not an unreasonable application of federal law, which holds the same. See, e.g., Johnson v. Conway, 2011 WL 53165, *5 (W.D.N.Y. Jan. 7, 2011) ("[I]t is well-settled that counsel cannot be faulted for failing to make a meritless objection."). The record likewise establishes that petitioner's contention regarding intoxication similarly lacked merit, and defense counsel would have had little likelihood of success in the absence of actual evidence that petitioner's level of intoxication "was 3 times the level of a D.W.I." Doc. 1 at 16. For the foregoing reasons, petitioner's claims regarding ineffective assistance of counsel are dismissed.

### 8.  Severity of Sentence

Petitioner claims that his sentence was unduly harsh and severe, an argument the Fourth Department rejected on direct appeal. See Peterkin, 89 A.D.3d at 1457. This claim is not cognizable on habeas review. "It is well settled that 'no federal constitutional issue is presented where . . . the sentence is

within the range prescribed by state law.'" <u>Robles v. Lempke</u>, 2011 WL 9381499, *18 (E.D.N.Y. Sept. 9, 2011), report and recommendation adopted, 2012 WL 5507303 (E.D.N.Y. Nov. 14, 2012) (quoting <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992); citing <u>Schreter v. Artuz</u>, 225 F. Supp. 2d 249, 258 (E.D.N.Y. 2002) (collecting cases)). This claim is thus dismissed.

## VI. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Petitioner's motion for appointment of counsel (doc. 20) is denied. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                **S/Michael A. Telesca**

                                          HON. MICHAEL A. TELESCA
                                          United States District Judge

Dated:    September 20, 2016
            Rochester, New York.